UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA IBARRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No.  1:24-cv-01342-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO REMAND CASE TO THE COMMISSIONER OF SOCIAL SECURITY[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  13, 15) |

　　　　Blanca Ibarra ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 13, 15).  For the reasons stated below, the undersigned recommends granting Plaintiff's motion for summary judgment, denying the Commissioner's cross-motion for summary judgment, and remanding for further administrative proceedings.

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

## I. JURISDICTION

Plaintiff protectively filed for disability insurance benefits on April 23, 2021, alleging an onset date of June 12, 2016. (AR 156-62). Plaintiff later amended the alleged onset date to July 25, 2018. (AR 468). Benefits were denied initially (AR 111-33, 167-72), and upon reconsideration (AR 134-56, 174-79). Plaintiff appeared at a telephonic hearing before an Administrative Law Judge ("ALJ") on December 8, 2023. (AR 37-78). Plaintiff was represented by counsel and testified at the hearing. (*Id.*). On January 19, 2024, the ALJ issued an unfavorable decision (AR 14-36), and the Appeals Council denied review (AR 1-6). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the Appeals Council and ALJ decisions, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 47 years old at the time of the hearing. (*See* AR 45). She completed high school. (AR 47). Plaintiff lives in a house with her adult children. (AR 45-46). Plaintiff has work history as an agricultural sorter, apartment manager, and credit clerk. (AR 49-53, 66-67). Plaintiff testified she could not work during the relevant period because of back and leg pain., migraines, depression, and chronic pain. (AR 53). During the relevant period, she could lift 5-10 pounds, walk 10-20 minutes, stand 10-15 minutes, sit 10-15 minutes, and she was able to use her hands. (AR 55-56). Plaintiff reported she could do chores for 15 minutes before she had to take a break. (AR 61). Plaintiff testified that she had headaches every day for 30 minutes to 2 hours, and "sometimes" up to three days, and in an 8-hour day she spent 3-4 hours laying down. (AR 63-64).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial

evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must

4

1 find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.   ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of July 25, 2018, through her date last insured of December 31, 2021. (AR 19). At step two, the ALJ found that through the date last insured Plaintiff has the following severe impairments: migraine headaches; degenerative disc disease of the lumbar spine; anxiety disorder; depression; and post-traumatic stress disorder. (AR 19). At step three, the ALJ found that through the date last insured Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 20). The ALJ then found that through the date last insured Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) except that the claimant could stand and/or walk for 4 hours in an 8-hour workday. The claimant could never climb ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs; and occasionally balance, stoop, crouch, kneel, and crawl. The claimant was able to understand, remember and carryout short, routine, and repetitive instructions; and could sustain attention/concentration for 2-hour periods at a time and for 8 hours in the workday on short, routine, and repetitive instructions. The claimant could use judgment in making work decisions related to short, routine, and repetitive instructions. The claimant required an occupation with only occasional coworker contact and supervision. The claimant required an occupation with set routine, procedures, and instructions, and occasional changes during the workday. The claimant required an occupation with only occasional contact with the public. The claimant could do work with no requirement to meet defined production quotas, such as production line work. The claimant could maintain regular attendance and be punctual within normal tolerances. The claimant could perform activities within a schedule.

5

> The claimant could have frequent exposure to loud prolonged noises, such as loud machines and power tools. The claimant could have less than frequent exposure to bright sunlight. The claimant could have no exposure to hazards, such as dangerous machinery and unprotected heights.

(AR 22). At step four, the ALJ found that through the date last insured Plaintiff was unable to perform any past relevant work. (AR 28). At step five, the ALJ found that through the date last insured, considering Plaintiff's age, education, work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including hand filler, garment folder, and bagger. (AR 28-29). On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from July 25, 2018, the amended alleged onset date, through December 31, 2021, the date last insured. (AR 29).

## VI.     ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ erred in failing to include moderate limitations assessed by G.E. Washington, Psy.D. into the RFC despite finding the opinion persuasive or provide adequately supported reasons for rejecting those portions of the opinion; and

2. Whether the ALJ properly considered Plaintiff's symptom claims.

(Doc. No. 13 at 4-12).

## VII.     DISCUSSION

### A. Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

6

Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32

F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In July 2021, consultative psychological examiner G.E. Washington, Psy.D. opined that Plaintiff had moderate limitations in her ability to perform detailed and complex tasks, perform work activities on a consistent basis, complete a normal workday or work week without interruptions from a psychiatric condition, interact with coworkers and the public, maintain regular attendance in the workplace, and deal with the usual stresses stress encountered in competitive work. (AR 983-84). The ALJ found Dr. Washington's opinion persuasive because it is consistent with and supported by the record, including treatment records "showing that the claimant generally had improvement in her symptoms with medication." (AR 27-28).

Plaintiff argues that despite finding Dr. Washington's opinion persuasive, the ALJ erred in assessing the RFC because he did not address or account for the opined moderate limitations in Plaintiff's ability to perform work activities on a consistent basis, complete a normal workday/work week, maintain regular attendance in the workplace, and deal with the usual stresses encountered in competitive work, or provide the requisite reasons, supported by substantial evidence, for rejecting those limitations. (Doc. No. 13 at 5-8). A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

8

As an initial matter, Plaintiff argues the ALJ's summary of Dr. Washington's opinion as finding Plaintiff had moderate limitations "following detailed instructions; performing work activities on a consistent basis; interacting with others; and dealing with stresses," and the ALJ's subsequent assessment that the opinion is persuasive because it is consistent with and supported by the record, "fails to set forth a specific explanation why he failed to adopt the limitations identified in a medical opinion." (Doc. No. 13 at 5). When considering the medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). In addition, as noted above, the Ninth Circuit further clarified that under the new regulations for considering medical evidence, "[t]he agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *Woods*, 32 F.4th at 792 (internal citations omitted). Here, the ALJ fails to identify the exact limitations assessed by Dr. Washington, nor does the ALJ explain with specificity how they are "persuasive" pursuant to the revised regulations.

Defendant argues the ALJ accounted for the assessed moderate limitations in attendance and ability to perform work on a consistent basis in the RFC by "restricting" Plaintiff to "short, routine, and repetitive" instructions. (AR 22; Doc. No. 15 at 5-6 (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in medical testimony)); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("the ALJ is responsible for translating and

incorporating clinical findings into a succinct RFC"). Similarly, Defendant argues the ALJ accounted for Dr. Washington's opined restriction on dealing with stress by limiting Plaintiff to "short, routine, and repetitive" instructions, "occasional" coworker and public contact, "occasional" supervision, "set routine, procedures, and instructions, and occasional changes in the workday," and "no requirement to meet defined production quotas, such as production line work." (Doc. No. 15 at 7 (citing *Garza v. Comm'r of Soc. Sec.*, 2022 WL 2974691, at *11 (E.D. Cal. July 27, 2022) (collecting cases finding "low tolerance for stress or moderate limitations in dealing with changes are encompassed in an RFC of simple, repetitive tasks")).

In *Stubbs-Danielson*, the Ninth Circuit held that the "ALJ's RFC finding properly incorporated the limitations … related to pace and the other mental limitations regarding attention, concentration, and adaption." *Stubbs-Danielson*, 539 F.3d at 1174. However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (collecting cases). After review of the most recent case law, the Court agrees.

> [U]npublished district course case law (which is not controlling, but is more factually on point) is split but tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations [the doctor] identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption. The district court case law in support of Defendant's position is sparser and more outdated. The weight of the more recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.

*Harrell v. Kijakazi*, 2021 WL 4429416, at *6 (E.D. Cal. Sept. 27, 2021) (internal citations omitted); *see also Macias v. Saul*, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and holding that a limitation to simple one- or two- step tasks does not account for attendance limitations); *Berenisia Madrigal v. Saul*, 2020 WL 58289, at *5-6 (E.D. Cal. Jan. 6,

1  2020) (restriction to simple, routine tasks dos not account for assessed limitations in ability to
2  complete a normal workday or workweek without interruptions from psychiatric condition and
3  the ability to deal with stress or changes encountered in the workplace); *Millsap v. Kijakazi*, 2023
4  WL 4534341, at *5-6 (E.D. Cal. July 13, 2023) (rejecting argument that limitation to simple,
5  routine tasks in the RFC accounted for moderate mental limitations in opinion the ALJ found
6  persuasive, including ability to complete a normal workday or workweek); *Sahyoun v. Saul*, 2020
7  WL 1492661, at *4 (E.D. Cal. Mar. 27, 2020) (rejecting argument that limitation to work
8  involving simple and repetitive tasks adequately captured moderate limitations in maintaining
9  regular attendance, completing a normal workday or work week without interruption from
10  psychiatric condition, and handling work-related stress); *but see Messerli v. Berryhill*, 2017 WL
11  3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding limitation to simple routine tasks adequately
12  accounted for moderate limitations in ability to accept instructions, interact with coworkers and
13  the public, maintain attendance, and complete a normal workday/workweek without
14  interruptions); *Schmidt v. Colvin*, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) (finding
15  RFC limitation to simple unskilled work adequately captured opined moderate limitations in
16  completing a normal workday and work week).

17  Of note, specifically as to Dr. Washington's assessed limitations on Plaintiff's ability to
18  maintain attendance and complete a normal workday and workweek without psychiatric
19  interruptions, Defendant argues that where, as here, "a medical opinion doesn't provide specific
20  attendance restrictions, …. An ALJ has not improperly rejected medical-opinion evidence without
21  explanation by not expressly addressing attendance limits in the RFC."  (Doc. No. 15 at 6 (citing
22  *Tamra W. v. O'Malley*, 2024 WL 283684, at *5 (C.D. Cal. Jan. 25, 2024)).  Defendant's
23  argument is well taken to the extent that Dr. Washington does not specify exactly how much
24  Plaintiff would miss work, and Plaintiff does not offer specific argument as to how the moderate
25  limitations "should be translated into concrete RFC restrictions."  (Doc. No. 15 at 6 (citing *Xiong*
26  *v. Kijakazi*, 2022 WL 2119029, at *15 (E.D. Cal. June 13, 2022)).  Regardless, this case is
27  distinguishable from the instant matter because here, unlike the cases cited by Defendant, the ALJ
28  did "expressly address attendance limits in the RFC" by finding Plaintiff had the RFC to

"maintain regular attendance and be punctual within customary tolerances. The claimant could perform activities within a schedule." (AR 22); *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"); *Byrd v. Colvin*, 2017 WL 980559, at *8 (D. Or. Mar. 14, 2017) ("Here, the ALJ gave great weight to [the] opinion, but the RFC failed to take into account all of the limitations identified by [the doctor], and the ALJ failed to explain why she did not include the limitations in the RFC. As a result, the ALJ erred in formulating the RFC.").

Based on the foregoing, the Court finds the RFC limiting Plaintiff to "short, routine, and repetitive instructions," does not adequately account for Dr. Washington's findings of moderate limitations in Plaintiff's ability to perform work activities on a consistent basis, complete a normal workday/work week, maintain regular attendance in the workplace, and deal with the usual stresses encountered in competitive work. (*See* AR 983-84). The ALJ's failure to either provide reasons, supported by substantial evidence, to reject those limitations or to properly incorporate those limitations into the assessed RFC, constitutes error. *See Robbins*, 466 F.3d at 886; *see also Peerzay v. Comm'r of Soc. Sec.*, 2025 WL 915574, at *7 (E.D. Cal. Mar. 26, 2024) ("The Court will follow the weight of recent cases and find that the ALJ erred in failing to account for the [consultative examiner's] limitations concerning Plaintiff's ability to complete a workday/workweek."). Further, on the record before the Court it cannot conclude that the error was harmless. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (the reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination").

On remand, the ALJ must reconsider Dr. Washington's opinion along with the relevant medical evidence, and, if necessary, reassess the RFC.

**B. Additional Assignments of Error**

Plaintiff also argues the ALJ failed to properly consider Plaintiff's subjective complaints. (Doc. No. 13 at 8-12). In light of the need to reconsider Dr. Washington's medical opinion and the relevant medical evidence, the Court declines to consider these challenges in detail here. On

12

remand, the ALJ is instructed to reconsider the relevant medical opinion evidence and conduct a new sequential analysis, including a reevaluation of Plaintiff's symptom claims, and a reassessment of the RFC and step five finding if necessary.

### C. Remedy

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate the medical opinion evidence, as well as Plaintiff's symptom claims. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 13) be GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 15) be DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSE the Commissioner's decision and REMAND this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. The district court direct the Clerk to enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   September 2, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE